IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ALVIN ADDISON, #S09998, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-01252-JPG |
| | ) | |
| DERRICK MORGAN, | ) | |
| RYAN TURNER, | ) | |
| EDDIE JOHNSON,[1] | ) | |
| ED HICKS, | ) | |
| KEGAN BOUGART, | ) | |
| LYNETTE, | ) | |
| SAMANTHA, | ) | |
| and BILL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Alvin Addison, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with his arrest on November 23, 2017. (Doc. 1, pp. 1-24). Plaintiff was seriously injured during a warrantless arrest and denied medical treatment for four days at Wabash County Jail. (*Id*. at pp. 7-9). He required two surgeries to his shoulder and stomach. (*Id*.). Plaintiff now seeks money damages from the defendants. (*Id*. at p. 10).

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C.

---

[1] Plaintiff identifies this defendant as "Eddie Johnson a.k.a. Clarence E. Johnson Morningstar" in the case caption. (Doc. 1, p. 1). He refers to this individual as "Officer Johnson also known as Clarence E. Johnson Morningstar" in the statement of his claim. (*Id*. at p. 7). For ease of reference and consistency, the Court will refer to this defendant as "Officer Johnson" throughout this Order.

1

§ 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff heard a noise outside of the residence of Alvin and Susan Addison on November 23, 2017. (Doc. 1, p. 7). When he exited the residence to investigate the noise, he heard two officers yell, "Come out with your hands up." (*Id.*). Plaintiff recognized Kegan Bougart (Wabash County Sheriff Deputy / K-9 Officer) and Eddie Johnson (Mt. Carmel Police Officer) "as he ran past." (*Id.*).

Officer Johnson entered the residence through a fire door and found Plaintiff in the kitchen with his hands already up. (*Id.*). Although Plaintiff was "following verbal commands" at the time, Officer Johnson choked Plaintiff and slammed him to the ground, landing on top of him with "all of his weight." (*Id.* at pp. 7-8). In the process, Officer Johnson knocked the air out of Plaintiff and injured his stomach. (*Id.*). The officer "hog[-]tied" Plaintiff and dragged him outside. (*Id.*).

K-9 Officer Bougart asked if this was "the guy who put shit/feces on the wall," and Officer Johnson said, "Yes!" (*Id.*). Officer Bougart laughed and said, "Well, he want (sic) be doing it tonight." (*Id.*). While he was still hog-tied, Plaintiff was "thrown" into the back of the K-9 unit and suffered a shoulder injury in the process. (*Id.*).

He was transported to Wabash County Jail, where he was stripped of all clothing in front of female inmates and Jailer Lynette. (*Id.*). He was then "dragged" to the drunk tank and left for four days. (*Id.* at pp. 8-9). From November 23-27, 2017, Jail Administrator Ed Hicks left Plaintiff on the floor, unclothed, and seriously injured—in a pool of his own bodily fluids. (*Id.* at p. 9). For

2

three shifts each day, Jailers Lynette, Samantha, and Bill checked on Plaintiff every fifteen minutes, but they denied him medical care. (*Id*. at pp. 3, 8-9). On the fourth day, he was placed on a mat and dragged to another cell until an ambulance arrived. (*Id*.).

Plaintiff was taken by ambulance to Wabash General Hospital. (*Id*.). He underwent shoulder and stomach surgeries to repair injuries inflicted by Officers Johnson and Bougart during his arrest on November 23, 2017. (*Id*.). Plaintiff claims that he still suffers ongoing pain and emotional distress as a result of this incident. (*Id*. at p. 10).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

**Count 1:** Fourth Amendment claim against Defendants Johnson and Bougart for the unlawful arrest of Plaintiff on November 23, 2017.

**Count 2:** Fourth Amendment claim against Defendants Johnson and Bougart for the unlawful use of force against Plaintiff during his arrest on or around November 23, 2017.

**Count 3:** Fourth and/or Fourteenth Amendment claim against Defendants Johnson, Bougart, Hicks, Lynette, Samantha, and Bill for denying Plaintiff medical care for the shoulder and stomach injuries he suffered incident to his arrest on November 23, 2017.

**Count 4:** Fourth and/or Fourteenth Amendment claim against Defendants Hicks, Lynette, Samantha, and Bill for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail from November 23-27, 2017, when they stripped him of all clothing and left him nude and seriously injured in a pool of his own bodily fluids for four days.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Counts 1, 2, 3, and 4 survive screening and will receive further review against those defendants named in connection with each claim above. However, these claims shall be dismissed without prejudice against the defendants who are not named in connection with each claim.

In addition, Derrick Morgan (Wabash County Sheriff) and Ryan Turner[3] (Wabash County Chief of Police) shall be dismissed without prejudice. Plaintiff names each individual as a defendant in the case caption and the list of defendants in the Complaint. However, he sets forth no allegations against either person, and merely invoking the name of a potential defendant is not enough to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Section 1983 liability does not arise against these officials based on their supervisory roles over employees who caused the deprivation of Plaintiff's constitutional rights. "The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Because Plaintiff sets forth no allegation suggesting that either defendant was involved in or responsible for the deprivation of Plaintiff's constitutional rights, Defendants Morgan and Turner shall be dismissed without prejudice from this action. The Complaint fails to state any claim for relief against them.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will receive further review against Defendants **EDDIE JOHNSON**

---

[3] Although John Lochart was Mt. Carmel Police Department's Chief of Police during the events giving rise to this action, Lochart is now deceased, and Ryan Turner is the current police chief. (*See* Doc. 1, p. 2). Plaintiff explains that he named Turner as a defendant for this reason. (*Id.*).

and **KEGAN BOUGART**. **COUNT 3** will receive further review against Defendants **EDDIE JOHNSON, KEGAN BOUGART, ED HICKS, LYNETTE, SAMANTHA,** and **BILL**. **COUNT 4** will proceed against Defendants **ED HICKS, LYNETTE, SAMANTHA,** and **BILL**. These claims are **DISMISSED** without prejudice against any defendant who is not listed in connection with the claim herein. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

IT IS ORDERED that Defendants **DERRICK MORGAN** and **RYAN TURNER** are **DISMISSED** without prejudice because the Complaint fails to state a claim for relief against them.

The Clerk of Court shall prepare for Defendants **EDDIE JOHNSON, KEGAN BOUGART, ED HICKS, LYNETTE, SAMANTHA,** and **BILL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 1/31/2020**

                                                              s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**