## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ALVIN ADDISON, #S09998,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-01252-JPG** |
| | ) | |
| **EDDIE JOHNSON,** | ) | |
| **ED HICKS,** | ) | |
| **KEGAN BOUGART,** | ) | |
| **LYNETTE HENZE,** | ) | |
| **SAMANTHA GASTON,** | ) | |
| **and BILL DOOLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of a Motion for Summary Judgment filed by Defendants Ed Hicks, Kegan Bougart, Lynette Henze, Samantha Gaston, and Bill Dooley. (Doc. 32).  Defendants seek dismissal of Counts 3 and 4 based on Plaintiff's failure to exhaust his available administrative remedies for both claims prior to filing suit.  (*Id*.).  For the reasons set forth herein, the motion shall be **GRANTED**.

### BACKGROUND

Plaintiff commenced a civil rights action by filing a Complaint under 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with his allegedly unlawful arrest on November 23, 2017.  (Doc. 1, pp. 1-24).  Plaintiff claims that Mount Carmel Police Officer Johnson and Wabash County Sheriff's Deputy Bougart subjected him to the unauthorized use of force during his arrest on November 23, 2017.  (*Id*. at 7-8).  Plaintiff was later transported to Wabash County Jail, where he was stripped of all clothing in front of female inmates and Jailer

1

Henze.  (*Id*.).  Jail Administrator Hicks left Plaintiff in the Jail's drunk tank unclothed and seriously injured from November 23-27, 2017.  (*Id*. at 8-9).  For three shifts each day, Jailers Henze, Gaston, and Dooley checked on Plaintiff every fifteen minutes but denied him medical care.  (*Id*. at 3, 8-9).  On the fourth day, Plaintiff was placed on a mat and dragged to another cell until an ambulance arrived.  (*Id*.).  He was transported by ambulance to Wabash General Hospital, where he underwent shoulder and stomach surgeries to repair injuries inflicted by Johnson and Bougart during his arrest.  (*Id*. at 9-10).

Following threshold review of this matter pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with Fourth Amendment claims against Johnson and Bougart for his allegedly unlawful arrest on November 23, 2017 (Count 1) and unauthorized use of force against Plaintiff on November 23, 2017 (Count 2).  He was allowed to proceed with Fourth and/or Fourteenth Amendment claims against Johnson, Bougart, Hicks, Henze, Gaston, and Dooley for the denial of medical care for his shoulder and stomach injuries (Count 3) and against Hicks, Henze, Gaston, and Dooley for subjecting Plaintiff to unconstitutional conditions of confinement at the Jail from November 23-27, 2017 (Count 4).

Defendants Bougart, Hicks, Henze, Gaston, and Dooley moved for summary judgment on Counts 3 and 4.  (Docs. 32 and 33).  They argue that Plaintiff failed to exhaust his available administrative remedies for Counts 3 and 4 against each defendant.  (*Id*.).  Wabash County Jail's administrative remedies program provides: "If at any time, a Detainee/Arrestee feels that he/she has been mistreated or disrespected, please file a handwritten complaint with the Jail Administrator."  (Doc. 33-1, ¶ 3).  Defendants maintain that Plaintiff failed to file a complaint about the denial of medical care or conditions of his confinement with the Jail Administrator.  (Doc. 32, ¶ 4; Doc. 33-1, ¶ 4).  Accordingly, they seek summary judgment on Counts 3 and 4.

Plaintiff did not respond to Motion for Summary Judgment by the deadline of October 5, 2020.  Therefore, on October 13, 2020, the Court entered an order directing him to show cause why his lack of response should not be construed as an admission of the merits of the motion. (Doc. 36) (citing SDIL-LR 7.1(c)).  He was warned that failure to respond to the show cause order or file a written response to the summary judgment motion by October 27, 2020, would result in dismissal of the action for want of prosecution.  (*Id*.) (citing FED. R. CIV. P. 41(b)).

In response, Plaintiff filed a Motion to Show Cause.  (Doc. 37).  There, he explained that his diagnosis with COVID-19 on September 1 or 2, 2020, prevented him from responding to the summary judgment motion on time.  However, he pointed out that camera footage and Jail logbooks would show that: (1) Bougart and Johnson hog-tied Plaintiff and stripped him of clothing in front of Jailer Henze (Doc. 37, p. 2, ¶ 1);[1] (2) jailers subsequently recorded their observations of Plaintiff begging, crawling, and eating from the floor for the next four days (*Id*. at ¶ 2);[2] and (3) Sheriff Derek Morgan failed to secure medication for Plaintiff for almost ten days in December 2017 (*Id*. at ¶ 3).[3]

On the same date, Plaintiff filed a "Complaint" that was docketed as a Response to the Motion for Summary Judgment.  (Doc. 38).  There, he sets forth additional allegations in support of Counts 1 and 2, which are not the subject of the pending summary judgment motion.  (*Id*. at 1-4).  He also asserts a new claim against a non-party, *i.e.*, Sheriff Morgan, for denying him access to medication in December 2017, which is also not the subject of the pending summary judgment motion.  (*Id*.).  In addition, he argues that certain statements in the Affidavit of Sheriff Morgan are

---

[1] The allegations speak to the merits of Count 2, which is not at issue in the pending summary judgment motion addressing exhaustion of administrative remedies as to Counts 3 and 4.

[2] This assertion would appear to address the merits of Count 3, which is also not at issue in the pending summary judgment motion.

[3] This claim exceeds the scope of this lawsuit because Sheriff Morgan is not a defendant and there is no pending claim against him for the denial of medication in December 2017.

inaccurate and contradicted by entries in the Jail logbooks, but these arguments speak to the merits of Counts 3 and 4 (or a new claim) and not to the issue of exhaustion.  (*Id*.).

On the issue of exhaustion, Plaintiff states that he did not file a complaint because jailers told him to buy paper and pencils for grievances at commissary or request these items from Ed Hicks, who made him beg for the items.  (*Id*. at 5).  Plaintiff instead wrote a letter to the N.A.A.C.P. in December 2017.  (*Id*. at 6).

The Court was unable to discern whether the Complaint (Doc. 38) represented Plaintiff's attempt to re-plead his claims or respond to the pending summary judgment motion.  Therefore, on November 2, 2020, the Court entered an Order requiring Plaintiff to advise the Court, in writing, whether Document 38 is a Response in Opposition to Summary Judgment or First Amended Complaint.  (*Id*.).  His deadline for clarifying this matter was November 12, 2020.  (*Id*.).  He was warned that failure to respond would result in denial of the Motion to Show Cause.  (*Id*.).  Plaintiff did not respond.

## LEGAL STANDARDS

### A.    Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact.  FED. R. CIV. P. 56(c).  If a defendant demonstrates the absence of sufficient evidence to support Plaintiff's claim, Plaintiff must demonstrate by affidavit, depositions, answers to

interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324-25.

**B.     PLRA Exhaustion Requirement**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), governs lawsuits filed by inmates about the conditions of their confinement pursuant to 42 U.S.C. § 1983.  The PLRA provides that "no action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA to require "proper exhaustion" before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that Section 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under Section 1983).  This requires an inmate to "us[e] all steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issues on the merits)."  *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In other words, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require."  *Pozo*, 286 F.3d at 1025.

Wabash County Jail requires detainees who have a grievance to do the following: "If at any time, a Detainee/Arrestee feels that he/she has been mistreated or disrespected, please file a handwritten complaint with the Jail Administrator."  (Doc. 33-1, ¶ 3).  Defendants point out that Plaintiff never filed a complaint with the Jail Administrator about the denial of medical care for his shoulder and stomach injuries on November 23-27, 2017 (Count 3) or conditions of his confinement for the same time period (Count 4).  Even if Plaintiff's Complaint is construed as a response to the summary judgment motion, as docketed, Plaintiff has not demonstrated that he

exhausted his available administrative remedies in connection with Counts 3 and 4.  He only asserts that the jailers denied him complaint forms and told him to request paper and writing instruments from Ed Hicks or purchase these items from the commissary.  Plaintiff makes no claim that Hicks denied his request for paper and writing instruments—only that Hicks made him beg for these items.  He also makes no claim that he was otherwise unable to obtain these items at commissary.  Plaintiff instead states that he prepared a letter for the N.A.A.C.P.—presumably using paper and writing instruments—for mailing in December 2017.  This letter does not replace the grievance process or satisfy the exhaustion requirement.  Rather, it demonstrates that Plaintiff had the materials necessary to file a complaint using the Jail's grievance process during the relevant time period, but he failed to take steps to do so.  Counts 3 and 4 shall be dismissed against those defendants who requested summary judgment based on Plaintiff's failure to exhaust his available administrative remedies before bringing said claims.[4]

### DISPOSITION

**IT IS ORDERED** that, for the reasons set forth above, Plaintiff's Motion to Show Cause (Doc. 37) is **DENIED**, and Defendant Bougart, Dooley, Gaston, Henze, and Hicks' Motion for Summary Judgment (Doc. 32) is **GRANTED**.  *See* SDIL-LR 7.1(c); FED. R. CIV. P. 41(b), 56(e).  **COUNT 3** is **DISMISSED** without prejudice against Defendants **BOUGART, DOOLEY, GASTON, HENZE,** and **HICKS,** and **COUNT 4** is **DISMISSED** without prejudice against Defendants **DOOLEY, GASTON, HENZE,** and **HICKS,** based on Plaintiff's failure to exhaust his available administrative remedies before bringing suit.

To the extent that Plaintiff intended Document 38 to represent an Amended Complaint, the Amended Complaint (Doc. 38) is **DISMISSED**.  Plaintiff failed to file a Motion for Leave to

---

[4] Officer Johnson is named in connection with Count 3, but he did not seek summary judgment on this claim.  Therefore, Count 3 shall proceed against this defendant.

Amend Complaint in compliance with Rule 15(a)(2) of the Federal Rules of Civil Procedure.  He also missed the deadline for filing the motion for leave to amend the complaint.  (*See* Doc. 28).  Accordingly, Document 1 remains the operative Complaint in this case.

**IT IS ORDERED** that **COUNTS 1** and **2** remain pending against Defendants **JOHNSON** and **BOUGART**, and **COUNT 3** remains pending against Defendant **JOHNSON**.  The Court will enter a separate Scheduling and Discovery Order as to these claims.

**IT IS SO ORDERED**.

**DATED: 12/9/2020**                    s/J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **United States District Judge**